Argued July 8, reversed and dismissed July 22, 1919.

## FURUSET *v.* MAYS.

(182 Pac. 558.)

**Trusts—Active Trust—Title of Beneficiaries.**

1. Where plaintiff holder of legal title conveyed lands to defendant as trustee to sell and dispose of the same for the mutual benefit of plaintiff, defendant, and H., and defendant had the land surveyed and platted, sold portions, applying proceeds as agreed, and at the request of his associates conveyed to each of them certain portions, which were unsalable, leaving the property involved still undisposed of, *held*, that trust as to lots involved continued until prospective purchasers should make their final payments, so that plaintiff and his assignees had no interest in the land, but simply in the proceeds.

**Trusts—Suit to Compel Conveyance by Trustee—Parties.**

2. Where plaintiff holder of legal title conveyed lands to defendant as trustee to sell and dispose of the same for the mutual benefit of plaintiff, defendant, and H., and plaintiff undertook to convey to R. an undivided one-third interest, R. and H. would be necessary par-

ties to suit to compel defendant to convey the undivided one third. to R.; the trust still existing.

[As to duty to ascertain powers of trustee, see note in 19 **Am. St. Rep.** 270.]

From Multnomah: WILLIAM GALLOWAY, Judge.

Department 1.

This is a suit to compel a conveyance of an undivided one third of certain lots in what is known as "Rosemont Addition to East Portland." In 1891, plaintiff being the holder of the legal title to certain lands, conveyed the same to defendant as trustee, to sell and dispose of the same for the mutual benefit of plaintiff, defendant and one A. S. Haskell. The obligation assumed by the trustee was to sell and dispose of the property, pay all liens and encumbrances thereon, all taxes and assessments, and all expenses incident to holding and disposing of the property, and divide the net proceeds thereof equally between the three. The trustee then had the land surveyed, platted and dedicated as "Rosemont Addition to East Portland" and sold a portion of the premises by lots and blocks, applying the proceeds as agreed, and then, at the request of his associates, conveyed to each of them certain portions of the remainder, leaving the property involved herein, still undisposed of. On March 5, 1913, plaintiff undertook to convey, by deed, an undivided one-third interest in such unsold lots to one John Rometsch. Thereafter Rometsch demanded a deed thereto, from the defendant trustee, who still holds the legal title, which being refused, plaintiff filed his complaint herein, on March 19, 1914. The complaint states the terms and conditions of the trust substantially as above set out, but with the additional averment,—

"That any portion of said property which should remain unsold, said F. P. Mays would hold the title to such portions of said real property remaining in trust for the said George Sorenson or his assignees to the extent of one third in favor of the said George Sorenson or his assignees or transferees."

It is then averred:

"That the said trusteeship of the said F. P. Mays has been fully consummated and terminated and the said F. P. Mays has no interest of law or equity in the title of said real estate, and all claims, liens and demands against the interest of said George Sorenson have been liquidated and discharged."

The prayer is for a decree requiring the defendant to execute a good and sufficient conveyance of an undivided one third of the property described, free from encumbrance, to John Rometsch.

A demurrer to the complaint was filed, upon the grounds that Rometsch and Haskell are necessary parties, and also that the complaint does not state facts sufficient to constitute a cause of suit. The demurrer was overruled and defendant answered, with some denials and admissions, pleading affirmatively, among other things, as follows:

"Denies each and all of the allegations contained in paragraph IX of plaintiff's complaint. And in this connection defendant alleges the truth to be, that at the time said premises were conveyed to this defendant by plaintiff, it was agreed between the plaintiff, this defendant and said A. S. Haskell, that this defendant should take and hold the title to said premises upon the trust for said three persons, and that he should sell and dispose of the same, pay and satisfy all liens and encumbrances against said property and the taxes and assessments, and all expenses incident to the holding and disposal of said property, and divide the net proceeds thereof equally between said three persons; that

thereafter by and with the consent of all said three beneficiaries, the defendant dedicated as 'Rosemont Addition to East Portland,' in the City of Portland, and thereafter this defendant sold a portion of said premises by lots and blocks, to wit, twelve lots, and applied the proceeds thereof upon said mortgage indebtedness and the expenses of surveying and platting said premises, and at the request and with the consent of all said three beneficiaries, defendant deeded to each of them certain lots in said Rosemont Addition, and now holds, undisposed of, the following lots in said addition, to wit: Lots 1, 2, 3, 7, 11, 12, 15 and 16, in Block 5, and Lot 1, in Block 3, and no more; that at the time certain of said lots were conveyed to said beneficiaries as hereinbefore set forth, said property was clear of all encumbrances, and all taxes and other assessments were paid; (that subsequent thereto, this defendant has advanced all taxes and assessments assessed against said nine lots, aggregating about $360, of which amount about $120 is chargeable against the interest of said plaintiff in said nine lots; that there is now a proposed sewer assessment against said nine lots of $69.75 which has not been paid, of which one third will be chargeable against the interest of the plaintiff.)''

Plaintiff's reply to the foregoing paragraph of the answer is as follows:

"Plaintiff admits the allegations of new matter set out in paragraph nine of said answer down to line 23 of page 7 thereof, and plaintiff denies generally and specifically each and every allegation contained therein from said line 23 to and including line 30 of said page 7 of said answer.''

The parentheses in the portion of the answer quoted indicates the part which is denied.

A trial being had, there was a decree for plaintiff in accord with the prayer of the complaint, and defendant appeals.            REVERSED AND DISMISSED.

For appellant there was a brief over the name of *Messrs. Huntington & Wilson,* with an oral argument by *Mr. Bela S. Huntington.*

For respondent there was a brief submitted without argument by *Mr. Wilson T. Hume.*

BENSON, J.—1, 2. The entire case for the plaintiff is based upon the theory that the purposes of the trust were entirely concluded when the unsold lots were, by conveyance from the trustee, divided among the associates, and that by reason thereof, neither Rometsch nor Haskell is a necessary party to this litigation. This attitude is contrary to the express admissions of the reply as quoted in our statement of the case, and is not supported by the evidence. The testimony establishes very clearly that the lots which by mutual consent were divided among the three beneficiaries of the trust were unsalable, and therefore withdrawn from the effect of the previous agreement. As to the lots now in controversy, it was intended that the trust should continue until the prospective purchasers should make their final payments thereon, and the defendant issue the necessary conveyances therefor. Such payments have not been made and the intending purchasers have abandoned their contracts, so that the trust, as to these lots, is as vitally active as upon its inception. It does not require the citation of authorities to sustain the conclusion that Haskell was a necessary party to the suit, and the same may be said as to Rometsch, who was the real party in interest, rather than the plaintiff.

But even if they had been brought in, the result must have been the same, since the conditions of the trust are such that the plaintiff and his assignee have

no interest in the land, but simply in the net proceeds arising from its sale: *Kollock* v. *Bennett,* 53 Or. 395 (100 Pac. 940, 133 Am. St. Rep. 840).

The decree is reversed, and one will be entered here, dismissing the suit.          REVERSED AND DISMISSED.

McBRIDE, C. J., and BURNETT and HARRIS, JJ., concur.